IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARZENA SASSAK and GREGORY )
GORMAN, )
                                              )
               Plaintiffs, )
                                              )
               vs. )           No. 05 C 3029
                                              )
CITY OF PARK RIDGE, a municipal )
corporation, et al., )
                                              )
               Defendants. )

## MEMORANDUM OPINION AND ORDER

Defendants City of Park Ridge and Officer McGannon have moved to compel plaintiffs to answer interrogatories and production requests. Plaintiffs have responded.

After reviewing the original interrogatories and production requests, the initial responses and the subsequent briefing, we are left with the settled impression that much of this dispute could have been avoided by a more cooperative approach to discovery. The original interrogatories and production requests were clearly overreaching and the responses did not indicate any willingness to discuss more restricted disclosures and/or disclosures subject to an "attorneys' only" protective order. In their motion to compel, defendants did substantially cut back on what they sought. For example, they noted that if plaintiffs would represent that they would adhere to the limits imposed in Santelli v. Electro Motive, 188 F.R.D. 306 (N.D.Ill. 1999), defendants would not continue to seek information regarding medical and psychological records and treatment, except for dates of treatment and names of psychotherapists and doctors. Plaintiffs did not expressly accept that offer, or even the first part of it, but they implicitly did agree respecting records by affirming that their claim is confined to "'garden

variety' distress" – but then went on, unnecessarily, to discuss the applicable law for several pages. So far as this court is concerned, plaintiffs have agreed to <u>Santella</u> limitations and they do not have to disclose any dates of treatment and names, that information being wholly irrelevant in the circumstances.

The relevance of much of the other information sought is marginal at best. But it is not enough to say that defendants are off on a fishing expedition. Discovery is often largely a fishing expedition. For example, a witness may well be asked in a deposition whether she has ever been convicted of a felony, on the odd chance that the party will be able to satisfy Fed. R. Evidence 609. Such a question during trial would be improper unless the party had a reasonable basis for believing that there had been a conviction.

We turn then to the specific information sought. How long plaintiffs were unable to work is largely irrelevant because plaintiffs do not claim any lost wages. However, defendants are entitled to know how long plaintiffs think they were unable to pursue their normal activities, for whatever that is worth. We see no reason why plaintiffs should have to provide information about alcohol and illegal drug use during the previous 24 hours; we understand that there is objective evidence arising from subsequent testing. But plaintiffs should advise defendants of their use of any prescription drugs if the drugs had any tendency to affect perception or behavior.

The relevance of prior arrests over the past five years of plaintiff Sassak for similar offenses is indeed a stretch, but we leave that to another day, if necessary. She should answer, but subject to an attorneys'-eyes only restriction. The same is true of the lawsuits and moving violations inquiries. Damages documents prepared by counsel are work product. Defendants are, however, entitled to a response to a contention interrogatory asking why plaintiffs are

entitled to the amounts sought, but that is not what defendants requested. Finally, plaintiffs have represented that they have no statements they prepared, other than two documents prepared for counsel. That is a sufficient response.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 20, 2006.