IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARZENA SASSAK and GREGORY )
GORMAN, )
 )
      Plaintiff, )
 )
vs. ) No. 05 C 3029
 )
CITY OF PARK RIDGE, a municipal )
corporation, *et al.*, )
 )
      Defendants. )

## MEMORANDUM OPINION AND ORDER

This matter comes before us on motion of defendants Village of Lake Zurich, Lake Zurich Police and Fire Commission, Lake Zurich Police Department and Chief William Urry ("Lake Zurich" defendants), to deem certain documents confidential, under a March 16, 2006 protective order. For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiffs Marzena Sassak and Gregory Gorman brought suit against defendant City of Park Ridge, Lake Zurich defendants and Officer Matthew McGannon, alleging a number of state and federal claims arising from plaintiffs' allegedly unlawful arrest by defendant McGannon. Plaintiffs contend that the Lake Zurich defendants are liable to plaintiffs based on their failure to inform prospective employers about defendant McGannon's previous purported crimes and provision of positive job references.

On March 16, 2006, the City of Park Ridge, together with plaintiffs, filed a joint motion for entry of a protective order. The motion was granted, and we joined the Lake Zurich defendants in that protective order. The order states:

> "Confidential documents" are those documents that contain private information about the Plaintiffs, including but not limited to, records of the parties which are treated as confidential in the course of business, social security number and drivers license number, those documents in Defendants' responses to Plaintiffs' interrogatories and production requests that include information relating to disciplinary and/or personnel records of current and former officers employed by the Park Ridge Police Department and records regarding private individuals who have been arrested by the Park Ridge Police Department. This Protective Order governs the production of those documents by Defendants and the production of Confidential documents by Plaintiffs.

(defs' motion, exh. B, at ¶2). The order continues:

> All such documents, any information contained in said documents and all information contained in responses to interrogatories shall remain strictly confidential, shall be reviewed only by any expert witnesses retained by attorneys of record for the parties, attorneys of records for the parties, their associate attorneys, named parties and employees of those attorneys to whom it is necessary to show the material for purposes of preparing this case, and all such documents or information shall not be shared with any person or entity without further order of this Court or the prior written agreement of the parties.

(*Id.*, at ¶3).

On May 23, 2006, Lake Zurich defendants designated certain Bates-stamped pages within their document production as confidential under the protective order. Plaintiffs objected to the designation of certain documents. Since then, plaintiffs have narrowed their objections to the following pages: LZ 233-38; 451-66; 531-35; 591-92; 627-34; 645-50; 667-69; and 765-74. Lake Zurich defendants have withdrawn the confidential designation of page LZ388.

## DISCUSSION

From what we glean from the parties' briefs, the documents at issue generally relate to citizen complaints made to the Lake Zurich Police Department regarding defendant McGannon, and the department's response to such complaints. Plaintiffs' primary concern

is that the documents at issue were not properly designated as confidential. Specifically, plaintiffs request that the documents remain public in order to "show these documents to the individuals who complained to Lake Zurich and show them the version of the story that McGannon or other officers told the police force in response" (pls' resp. at 3-4). Lake Zurich defendants counter that the documents, all contained in McGannon's administrative assignment or personnel file, relate to unsubstantiated complaints against McGannon that should remain confidential. Specifically, defendants argue that such documents come within the scope of the protective order because they were treated as confidential in the ordinary course of business.

Under Federal Rule of Civil Procedure 26(c), "[u]pon motion by a party or by the person from whom discovery is sought...the court in which the action is pending...may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Generally, Rule 26(c) requires the party seeking protection to bear the burden of establishing good cause, after which the court balances the parties' interest in keeping information confidential against the public's right to inspect the documents. *See* Unico American Corp. v. Crusader Captive Serv., LLC, 2006 WL 2355524, *1 (N.D.Ill.2006). In this case, however, the parties have already agreed that certain documents should be kept confidential. Thus, the primary issue is whether the documents fall within the ambit of the protective order.

Along with their motion, Lake Zurich defendants submitted an affidavit of Deputy Chief Patrick Finlon. Finlon averred that the produced documents relating to McGannon came either from McGannon's personnel file or his internal affairs file (defs' motion, exh. E,

at ¶5).[1] He further noted that "[i]nternal affairs/administrative assignment files are considered highly confidential within the ordinary course of business by the Department. The materials are maintained by the Deputy Chief of Field operations in a secure area, and these materials are to be only accessible by key command staff. The Department is particularly sensitive to the fact that these materials contain unsubstantiated allegations against officers, which justifies a heightened need to protect such information from public disclosure" (*id.*, at ¶ 10).

Plaintiffs' primary objection is that "these documents are not properly in the personnel file and/or do not become properly confidential just because Defendants claim they are kept in a personnel file" (pls' resp. at 2). The protective order, however, clearly includes information relating to McGannon's personnel records. It is impossible for us to determine, at this stage, whether the information was properly placed in the personnel or internal affairs file. The fact that the documents, however, were never available to the public, or even to non-key personnel at the department, indicates that they contain sensitive information. Therefore, at this point we find that the documents should remain confidential. *Cf.* Baxter Int'l., Inc. v. Abbott Labs., 297 F.3d 544, 545 (7th Cir.2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality").

Plaintiffs claim that the documents must remain public in order to continue their "ongoing investigation regarding Lake Zurich's disregard for complaints made against officers" (plfs' resp. at 3). We find such an argument unpersuasive. We do not see why an

---

[1] The "internal affairs" file was previously referred to as an "administrative assignment" file.

individual who had made a complaint against McGannon would need to view documents relating McGannon's "version of the story." Plaintiffs can speak with potential witnesses to discover their interpretations. They, and their counsel, have access to the protected documents, and can make their own determinations as to any discrepancies in the accounts. As the protective order does "not prevent any Confidential discovery documents from being used by the Court or counsel of record at any hearing in this action, or from being offered and received into evidence at trial, subject to such confidentiality measures as the Court may then prescribe" (defs' mot., exh. B, at ¶6), plaintiffs will not be prejudiced by this determination.

## CONCLUSION

For the reasons stated above, we grant Lake Zurich defendants' motion to deem those certain documents confidential.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 31
_____, 2006.